Dorothy A. BENSE

v.

Charles T. BENSE.

No. 98–92–A.

Supreme Court of Rhode Island.

Jan. 15, 1999.

John S. DiBona, Cranston.

Samuel Arthur Olevson, Providence.

## ORDER

The defendant, Charles T. Bense, appeals from a Family Court decision pending entry

---

**3.** The defendant made an offer of proof with respect to the relevance of this proffered testimony.

of final judgment granting plaintiff's complaint and defendant's counterclaim for divorce on the grounds of irreconcilable differences. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this matter without further briefing or argument.

The parties were married on September 16, 1972 and had one child, a son, who was an adult at the time this action commenced. In dividing the parties' assets, a Family Court justice ordered that the marital domicile be sold and that the proceeds be divided 30 percent to defendant and 70 percent to plaintiff. He awarded the husband the household furnishings and effects, with the exception of the wife's personal property. Each party was given title to his or her own motor vehicle, to his or her own bank accounts, and to his or her own pension or retirement accounts. In addition, the defendant's request for alimony was denied. The defendant's appeal challenges the trial judge's division of property and denial of alimony.

The assignment of property is governed by G.L.1956 (1996 Reenactment) § 15–5–16.1, which sets forth several factors to be considered by the court in assigning marital property to the parties. Among the factors to be considered are the length of the marriage, the contribution of each of the parties to the acquisition, preservation, or appreciation in value of the assets, the contribution and services of either party as a homemaker, the health and age of the parties, and the occupation and employability of the parties. In the present case, the trial justice reviewed the evidence presented by the parties. He found that the plaintiff contributed the vast majority to the parties' assets. The trial justice concluded that there was nothing stopping Mr. Bense from making a living, since he had done so for a brief period of time previously, but now chose to engage in a business that yields little if any income. The trial judge determined that Mr. Bense did not contribute to the parties' marital partnership.

The defendant also contends that the trial justice erred in refusing to award him alimony. The factors to consider in determining whether to award alimony are contained in § 15–5–16. Among the factors to be considered are the length of the marriage, and the health, age, station, occupation, vocational skills and employability of the parties. The trial justice determined that Mr. Bense never made any effort to obtain gainful employment after he was laid off from his job in 1989. There was no impediment to his finding a paying job at that time, but Mr. Bense instead chose to involve himself with a business which has not yet proven to be successful. The trial justice concluded that Mr. Bense was not entitled to a continuation of support from his wife, which she had provided throughout the marriage.

This court will not disturb the findings of fact made by a trial justice, sitting without a jury unless it can be shown that such findings are clearly wrong or that the trial justice misconceived or overlooked material evidence. *Penhallow v. Penhallow,* 649 A.2d 1016 (R.I.1994). We have reviewed the record in this case and find no reason to disturb the findings of the trial justice.

For these reasons, the defendant's appeal is hereby denied and dismissed, the decision appealed from is affirmed, and the papers are remanded to the Family Court.